**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Ivan Espejo Salazar,<br>Omar Gonzales Arias,<br>Oscar Mira Fuentes,<br>Antonio Rojas Torres,<br>Rafael Sedeño Amaro, and<br>Antonio Vidal Rodriguez,<br><br>Plaintiffs,<br><br>v.<br><br>Hamden Town House Restaurant,<br>T & S Food Corp., Inc.,<br>ATA, LLC<br>Spiro Protopsaltis,<br>Dina Topcu,<br>Aristotle “Ari” Protopsaltis, and<br>Ahmet Topcu,<br><br>Defendants | : | CIVIL ACTION NO: 3:17-CV-00655 (RNC)<br><br>NOVEMBER 16, 2017 |

**REPLY TO OPPOSITION TO**
**MOTION FOR A MORE DEFINITE STATEMENT**

Defendants, Hamden Town House Restaurant, T & S Food Corp., Inc., ATA, LLC, Spiro Protopsaltis, Dina Topcu, Aristotle “Ari” Protopsaltis, and Ahmet Topcu (the “Defendants”), hereby submit this reply to the Opposition to Motion for a More Definite Statement that was filed by plaintiffs, Ivan Espejo Salazar, Omar Gonzales Arias, Oscar Mira Fuentes, Antonio Rojas Torres, Rafael Sedeño Amaro, and Antonio Vidal Rodriguez (the “Plaintiffs”) on November 13, 2017 (Doc. # 25).

The Defendants' Motion for a More Definite Statement (the "Motion") merely asks that each of the six (6) individual Plaintiffs give each of the seven (7) distinct Defendants fair notice of the claims they face in this action. In their opposition, the Plaintiffs' mischaracterize this request as an issue for discovery and claim that they are not required to "separate claims defendant by defendant." To be clear, the Defendants' Motion does not ask that the Plaintiffs separate the claims against each Defendant into separate counts, which was the issue in Wynder v. McMahon, 360 F.3d 73, 77 (2d Cir. 2004). Rather, the Motion **merely seeks clarity as to which claims are being brought against which of the Defendants and by which of the Plaintiffs.**

As further detailed in the Motion, the Plaintiffs' Complaint asserts claims against the "defendants" as a group. When describing the various counts of the Complaint, the Complaint does not distinguish between each of the Defendants, who are not similarly situated. This is precisely the type of pleading that the Second Circuit has held violates Rule 8 of the Federal Rules of Civil Procedure.

In Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001), the Second Circuit affirmed the District Court's dismissal of a complaint that "failed to differentiate among the defendants, alleging instead violations by 'the defendants,' and failed to identify any factual basis for the legal claims made." The plaintiff in Atuahene asserted constitutional and state common law claims against the City of Hartford and several city employees, among others, but made no distinction at all between the defendants. The Atuahene Court held that:

> Although Fed.R.Civ.P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests. . . . **By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy this**

> **minimum standard**, even after the district court graciously accorded him several opportunities to correct its manifest flaws.

Id. at 34. See also, e.g., Appalachian Enters., Inc. v. ePayment Solutions, Ltd., No. 01 CV 11502 (GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) (holding that complaint failed to meet the lenient pleading requirements of Rule 8 where it did "not identify any particular defendant that committed any specific act of wrongdoing against plaintiff," but rather "simply attributes the wrongful acts as being committed collectively by the seventeen defendants.")

For the foregoing reasons, Defendants respectfully request an order requiring the Plaintiffs to provide a more definite statement specifying: (1) against which of the Defendants each count of the Complaint is being asserted; and (2) which of the Plaintiffs are asserting each count of the Complaint.

THE DEFENDANTS,

By: /s/ David C. Shufrin ________________
David C. Shufrin (CT29230)
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street
Milford, CT 06460-0112
Telephone: (203) 877-8000 / Fax: (203) 878-9800
DShufrin@hssklaw.com

**CERTIFICATE OF SERVICE**

This is to certify that on November 16, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

/s/ David C. Shufrin
David C. Shufrin